IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRANDY M. JACKSON,

            Plaintiff,

      v.

SIGNATURE HEALTHCARE OF
BUCKHEAD ALSO KNOWN AS
SIGNATURE PAYROLL
SERVICES, LLC

            Defendant.

CIVIL ACTION FILE

1:14-cv-3288-WSD-GGB

## FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendant Signature Healthcare of Buckhead's

("Signature Healthcare's") motion to compel arbitration.  (Doc. 8).

## BACKGROUND

Plaintiff Brandy M. Jackson filed this action under Title VII of the Civil

Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e et seq. (hereinafter "Title VII")

alleging race discrimination, sexual discrimination, sexual harassment, and

retaliation during her employment with Defendant.  As set forth in Plaintiff's

complaint, Defendant, a nursing facility, hired Plaintiff as a licensed practical nurse

in April 2013.  Around the time Plaintiff began her employment, Plaintiff signed an

AO 72A
(Rev.8/82)

Employment Agreement with Defendant that included an Arbitration Agreement

dated March 28, 2013.  The Arbitration Agreement provides, in relevant part, that:

> In consideration of the company employing you and the mutual promises set forth herein, you and the company and your and its representatives, successors, and assigns agree to the following:
>
> (1) All claims relating to your recruitment, employment with, or termination of employment from the Company shall be deemed waived unless submitted to final and binding arbitration in accordance with the Federal Arbitration Act ("FAA") or, if a court determines the FAA does not apply, by any applicable state arbitration act, in accordance with the rules of the American Health Lawyers Association ("AHLA"). . . . If AHLA ceases providing dispute resolution services, the arbitration proceeding shall be governed by the rules of the American Arbitration Association.  The arbitrator and not a court shall decide whether a dispute is arbitratable, including all claims that fraud or misrepresentation induced the employee to sign this Agreement.
>
> (2) In the event that either the employee or the company seeks relief in a court of competent jurisdiction for a dispute covered by this Agreement, the other party may, at any time within sixty (60) days of the service of the complaint, require the dispute to be arbitrated, and that the decision and award of the arbitrator shall be final, binding, and enforceable in the courts.
>
> (3) This dispute resolution agreement covers all matters directly or indirectly related to your recruitment, employment, or termination of employment by the Company, including, but not limited to, alleged violations of Title VII of the Civil Rights Act of 1964 . . . .

(Doc. 8-2 at p. 2).

Defendant informed Plaintiff's counsel of this agreement and requested that

Plaintiff voluntarily dismiss her lawsuit in favor of binding arbitration.  (Doc. 8-2 at

2

p. 4).  Plaintiff's counsel apparently declined to do so and has filed a response in opposition to the motion to compel arbitration.  (Doc. 9).

## DISCUSSION

Defendant argues that plaintiff is contractually obligated to arbitrate her claims and, as a result, cannot seek a determination of their merits in federal court. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, which was originally enacted in 1925, states that agreements requiring the submission of disputes to arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA's purpose was "to reverse the longstanding judicial hostility toward arbitration."  Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367 (11th Cir. 2005).  The FAA reflects "a liberal federal policy favoring arbitration agreements." Hill v. Rent-A-Center, Inc., 398 F.3d 1286, 1290 (11th Cir. 2005).

To determine whether to grant a motion to compel arbitration, "the Court must assess whether: '(1) there is a valid written agreement to arbitrate; (2) the issue [sought to be arbitrated] is arbitrable under the agreement; and (3) the party asserting the claims has failed or refused to arbitrate the claims.'"  Wallace v. Rick Case Auto, Inc., 979 F. Supp. 2d 1343, 1347 (N.D. Ga. 2013)(citation omitted).  The

analysis does not change where a plaintiff seeks to bring a statutory discrimination claim because "compulsory arbitration agreements are now common in the workplace, and it is not an unlawful employment practice for an employer to require an employee to arbitrate, rather than litigate, rights under various federal statutes, including employment-discrimination statutes." Caley, 428 F.3d at 1367.

Plaintiff first argues that "Defendants fail to present a valid written agreement to arbitrate." However, as the agreement attached to Defendant's Motion is clearly in writing, it appears that Plaintiff is not contesting the existence of the written agreement, but rather its validity. She argues that the agreement should not be enforced because she signed it under duress. However, the only duress that she identifies is that she was required to sign the agreement in order to obtain employment with Defendant. (Doc. 9 at p. 4). She contends that the arbitration agreement was unconscionable because the parties did not have equal bargaining power and because she was an at-will employee. (Id.). This argument has been rejected by the Eleventh Circuit. See Caley, 428 F.3d at 1377 (noting "Georgia courts have enforced standard-form arbitration agreements in employment relationships"); see also Jackson v. Cintas Corp. 425 F.3d 1313 (11th Cir. 2005)(holding that when a company promises a job as consideration for a person's

4

assent to an employment agreement that requires arbitration of employment disputes,

there is adequate consideration for the arbitration agreement.)

Plaintiff also contends that The American Health Lawyers Association

("AHLA") is not a neutral, fair organization. However, this court has no basis to

conclude that the AHLA is unlikely to provide a neutral and fair forum.  Cf. THI of

N.M. at Vida Encantada, LLC v. Archuleta, 2013 WL 2387752 (D.N.M.

2013)(rejecting similar argument about the AHLA).  Further, "The FAA also

protects against bias, by providing that courts may overturn arbitration decisions

'[w]here there was evident partiality or corruption in the arbitrators.'"  Gilmer v.

Interstate/Johnson Lane Corp., 500 U.S. 20, 30–31 (quoting 9 U.S.C. § 10(b)).

Plaintiff claims that the FAA is unconstitutional, but cites no cases that have

so held.  In any event, Plaintiff did not follow the procedure mandated by Rule 5.1 of

the Federal Rules of Civil Procedure for challenging the constitutionality of statutes.

Therefore,  I will not consider Plaintiff's constitutional arguments.

Plaintiff cites the exclusion provision in § 1 of the FAA, which states that

"nothing herein contained shall apply to contracts of employment of seamen,

railroad employees, *or any other class of workers engaged in foreign or interstate*

*commerce*."  9 U.S.C. § 1(emphasis added).  She argues that because she is engaged

5

in interstate commerce, she is excluded under the FAA.  However, the Supreme

Court has found that this exclusion applies only to workers actually engaged in the

movement of goods in interstate commerce.  <u>Circuit City Stores, Inc. v. Adams</u>, 532

U.S. 105 (2001).  Plaintiff does not fall into this category.  Therefore, the exemption

does not apply to her.

Finally, Plaintiff claims that because Signature Healthcare is not named in the

Arbitration Agreement, that there is no valid agreement between her and Defendant.

The agreement refers to "the Company" without naming it. However, because the

agreement states that it is "[i]n consideration of the company employing you," and

Plaintiff is bringing her action against Signature Healthcare, the company she

contends was her employer, it is clear that Signature Healthcare is "the Company"

that is a party to the agreement.  Indeed, Plaintiff would only have a valid

employment discrimination action against her employer, which makes it even more

obvious that "the company" and Signature Healthcare are one and the same.   Also,

Plaintiff writes in her brief that she was required to sign the arbitration agreement in

order to be employed by Defendant.  Therefore her argument that there is no valid

agreement because Signature Healthcare was not specifically named is without

merit.

## CONCLUSION

In sum, (1) there is a valid written agreement to arbitrate; (2) the

issues sought to be arbitrated are arbitrable under the agreement; and (3) the party

asserting the claims has failed or refused to arbitrate the claims.  Therefore,  I

**RECOMMEND** that the Motion to Compel Arbitration (Doc. 8) be **GRANTED**

and that this case be administratively closed.

IT IS SO RECOMMENDED this 13th day of March, 2015.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)