IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRANDY M. JACKSON,

              Plaintiff,

v.

SIGNATURE HEALTHCARE OF
BUCKHEAD A/K/A SIGNATURE
PAYROLL SERVICES, LLC,

              Defendant.

1:14-CV-3288-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [13], following her review of Defendant Signature Healthcare of Buckhead's ("Signature Healthcare" or "Defendant") Motion to Stay Proceedings and Compel Arbitration ("Motion to Compel") [8].

## I.   BACKGROUND

On October 13, 2014, Plaintiff Brandy M. Jackson ("Plaintiff") filed this action under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e *et seq.*, alleging race discrimination, sexual discrimination, sexual harassment, and retaliation during her employment with Defendant. (Compl. [1] ¶ 1). In April 2013, Defendant, a nursing facility, hired Plaintiff as a licensed

practical nurse.  (Id. ¶ 2).  Plaintiff entered into an Arbitration Agreement with Defendant when she was hired.  The Arbitration Agreement provides, in relevant part:

> In consideration of the company employing you and the mutual promises set forth herein, you and the company and your and its representatives, successors, and assigns agree to the following:
> (1) All claims relating to your recruitment, employment with, or termination of employment from the Company shall be deemed waived unless submitted to final and binding arbitration in accordance with the Federal Arbitration Act ("FAA") or, if a court determines the FAA does not apply, by any applicable state arbitration act, in accordance with the rules of the American Health Lawyers Association ("AHLA"). . . . If AHLA ceases providing dispute resolution services, the arbitration proceeding shall be governed by the rules of the American Arbitration Association.  The arbitrator and not a court shall decide whether a dispute is arbitratable, including all claims that fraud or misrepresentation induced the employee to sign this Agreement.
> (2) In the event that either the employee or the company seeks relief in a court of competent jurisdiction for a dispute covered by this Agreement, the other party may, at any time within sixty (60) days of the service of the complaint, require the dispute to be arbitrated, and that the decision and award of the arbitrator shall be final, binding, and enforceable in the courts.
> (3) This dispute resolution agreement covers all matters directly or indirectly related to your recruitment, employment, or termination of employment by the Company, including, but not limited to, alleged violations of Title VII of the Civil Rights Act of 1964 . . . .

(Motion to Compel at Ex. A)

On October 29, 2014, counsel for Defendant brought the existence of this Arbitration Agreement to the attention of Plaintiff's counsel and requested that

Plaintiff voluntarily dismiss her lawsuit in favor of binding arbitration. (Id. at Ex. B). Plaintiff failed to dismiss the action, and on December 31, 2014, Plaintiff filed her response in opposition to the Motion to Compel [9].

On March 13, 2015, the Magistrate Judge issued her R&R recommending that Defendant's Motion to Compel be granted, on the grounds that there is a valid written agreement to arbitrate, the issues sought to be arbitrated are arbitrable under the agreement, and the party asserting the claims has failed or refused to arbitrate the claims. (R&R at 7). Magistrate Judge Brill rejected Plaintiff's arguments made in her response to the Motion to Compel (1) that she signed the agreement under duress and that the agreement was unconscionable because the parties did not have equal bargaining power; (2) that The American Health Lawyers Association is not a neutral, fair organization; (3) that the Federal Arbitration Act is unconstitutional or does not apply to her; and (4) that the agreement is invalid because Signature Healthcare is not named in the Arbitration agreement. (R&R at 4-6). No party has objected to the R&R.

## II.   LEGAL STANDARD

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams

v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  When, as here, no party has filed any objections to the report and recommendation, the Court must conduct a plain error review of the record.  U.S. v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## III. DISCUSSION

The Court does not find any plain error in Judge Brill's finding that there is a valid written agreement to arbitrate, the issue sought to be arbitrated is arbitrable under the agreement, and Plaintiff has failed or refused to arbitrate the claims.  See Wallace v. Rick Case Auto, Inc., 979 F. Supp. 2d 1343, 1347 (N.D. Ga. 2013).  The Court further finds no plain error in the recommendation that the Motion to Compel be granted.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [13] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Arbitration [8] is **GRANTED**.  The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case.

**SO ORDERED** this 2nd day of September 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE